UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: )<br>)<br>DETAIL DESIGN BUILDERS, LLC )<br>)<br>                  Debtors. )<br>)<br>TIMOTHY P. SMITH )<br>)<br>                   Trustee )<br>v. )<br>)<br>EARTHLANDSCAPING, INC. )<br>d/b/a EARTHSCAPE AND LAWN )<br>)<br>                  Defendant ) | Chapter 7<br><br>Case No. 22-10577-MAF<br><br><br><br>Adv. Pro. No. |

## COMPLAINT

### INTRODUCTION

Timothy P. Smith, the duly appointed Chapter 7 Trustee in the above captioned bankruptcy case (the "Trustee") commences the instant adversary proceeding pursuant to 11 U.S.C. §§105, 502, 542, 544, 547, 548 and 550 and Federal Bankruptcy Rule 7001 et. seq., to avoid and recover certain transfers made by the Debtor, Detail Design Builders, LLC (the "Debtor") to the defendant, Earthlandscaping, Inc. d/b/a Earthscape and Lawn (the "Defendant") and to disallow any claims held by the Defendant against the Debtor's estate.

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

4. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

5. Pursuant to Federal Bankruptcy Rule 7008, the Trustee consents to the entry of final orders and/or judgment by the Bankruptcy Court.

## PARTIES

6. The Trustee and Plaintiff, Timothy P. Smith, was appointed as the duly appointed Chapter 7 trustee of the Debtor's bankruptcy case on January 24, 2023.

7. The Defendant, Earthlandscaping, Inc. d/b/a Earthscape and Lawn, is a company with a place of business located at 17 Frances Hill Road, Westford, Massachusetts.

## FACTS

8. On or about November 22, 2022 (the "Petition Date"), the Debtor filed its voluntary petition (the "Case") under chapter 11 of 11 U.S.C. § 101 et. seq. (the "Code").

9. The Case was converted to a case under chapter 7 of the Code on January 4, 2023 (the "Conversion").

10. Pursuant to the Debtor's amend Summary of Assets and Liabilities For Non-Individuals (Doc. 86-5), the Debtor's liabilities far exceed its assets and therefore Debtor's secured creditors are not expected to be paid in full and Debtor's unsecured creditors would not receive any distribution.

11. Prior to the Conversion, the Debtor was a builder of high-end custom homes.

12.     As a builder, the Debtor regularly purchased goods, building materials and services from various entities including contractors, vendors, suppliers.

13.     The Debtor maintained numerous bank accounts including, but not limited to, accounts at Bangor Savings Bank, Citizens Bank and St. Mary's Bank (the "Debtor's Bank Accounts").

14.     During the ninety (90) days before the Petition Date, that is between August 24, 2022 and November 22, 2022 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, telephone payments or otherwise to various entities.

15.     Upon information and belief, during the course of their relationship, the Debtor and Defendant entered into agreements, which are evidenced by invoices, purchase orders, contracts, communications and/or other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtor.

16.     The Trustee has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of Debtor's property made by Debtor to Defendant within the Preference Period.

17.     The Debtor made transfer(s) of an interest of Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $40,000.00 (collectively, the "Transfer") as detailed below:

| Date | Name | Debtor's Bank | Amount |
|---|---|---|---|
| 08/30/22 | Earthscape and Lawn | Bangor Savings | $15,000.00 |
| 09/09/22 | Earthscape and Lawn | St. Mary's | $25,000.00 |

18. On or about September 27, 2024, the Trustee, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer. The Demand Letter indicated certain potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so the Trustee could review the same. The Trustee also performed his own due diligence evaluation of the reasonably knowable affirmative defenses, if any, available to Defendant.

19. Based upon the Trustee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer, the Trustee has determined that he may avoid the Transfer.

20. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Trustee's intention to avoid and recover all transfers made by the Debtor of an interest in its property and to or for the benefit of Defendant or any other transferee. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I
(Avoidance of Preferential Transfer – 11 U.S.C. §547)

21. The Trustee restates the allegations contained in all preceding paragraphs as if fully re-alleged herein.

22. During the Preference Period, the Debtor made the Transfer to or for the benefit of Defendant in an aggregate amount not less than $40,000.00.

23. Each Transfer was made from the Debtor's Bank Accounts described *supra*, and constituted transfers of an interest in property of the Debtor.

24. Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services to the Debtor, for which the Debtor was obligated to pay.

25. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

26. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

27. Each Transfer was made while the Debtor was insolvent. The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11U.S.C. § 547(f).

28. Each Transfer was made during the Preference Period, as set forth above.

29. As a result of each Transfer, the Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the

Transfer had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout, if any payout at all, of their claims from the Debtor's bankruptcy estate.

30. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Transfer to the Defendant is a preferential transfer pursuant to 11 U.S.C. §547; order that the Defendant be liable for the return and account of the Transfer so transferred by Debtors pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT II
(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 544 and 548)

31. The Trustee restates the allegations contained in all preceding paragraphs as if fully re-alleged herein.

32. To the extent one or more of the Transfers above was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was paid in satisfaction of a debt not incurred by the Debtor, Trustee pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A. the Debtor was insolvent as of the date of the Transfer, or became insolvent as a result of the Transfer; or

      B.      the Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

      C.      the Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

33. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee respectfully requests that this Court enter an Order determining that the Transfer to the Defendant is a fraudulent transfer pursuant to 11 U.S.C. §548; order that the Defendant be liable for the return and account of the Transfer so transferred by the Debtor pursuant to 11 U.S.C. §§542 and 550; and, for such other relief as this Court deems to be just.

## COUNT III
(For Recovery of Transfers – 11 U.S.C. §550)

34. The Trustee restates the allegations contained in all preceding paragraphs as if fully re-alleged herein.

35. The Trustee is entitled to avoid the Transfer as described above pursuant to 11 U.S.C. §§544, 547 and/or 548.

36. The Defendant was the initial transferee of the Transfer, the intermediate or mediate transferee of the initial transferee of the Transfer, or the person for whose benefit the Transfer were made.

WHEREFORE, pursuant to 11 U.S.C. §550, the Trustee is entitled to recover from the

Defendant an amount to be determined at trial but that is not less than the sum of the Transfer, plus interest to the date of payment and costs of this action.

## COUNT IV
(For Disallowance of Claim - 11 U.S.C. §502(d)

37. The Trustee restates the allegations contained in all preceding paragraphs as if fully re-alleged herein.

38. The Defendant is the transferee of the Transfer avoidable under 11 U.S.C. §544, 547 and/or 548, said Transfer being recoverable from the Defendant under 11 U.S.C. §550.

39. The Defendant has not paid or surrendered to the Trustee the alleged voidable Transfer or the value of the Transfer for which the Defendant is liable under section 550 of the Code.

40. Pursuant to 11 U.S.C. §502(d), any and all claim(s) held by the Defendant against the Debtor and/or its estate must be disallowed unless and until the Defendant pay the amount of the Transfer, plus interest, to the Trustee.

## RESERVATION OF RIGHTS

The Trustee reserves the right to bring all other claims or causes of action that the Trustee may have against the Defendant, on any and all grounds, as allowed under law or in equity. Nothing contained in this Complaint shall be construed as a waiver of the Trustee's rights to object to any proof of claim filed by the Defendant on any and all grounds, and the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant.

        Respectfully Submitted,

        TIMOTHY P. SMITH, CHAPTER 7 TRUSTEE
        By Its Attorneys
        SHEEHAN PHINNEY BASS + GREEN PA

Date: November 18, 2024        By:/s/ James S. LaMontagne
        James S. LaMontagne, Esq., BNH 05483
        75 Portsmouth Blvd., Suite 110
        Portsmouth, NH 03801
        (603) 627-8102